# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BILLY EARL PARKER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-15-1240-R |
| DISTRICT COURT OF OKLAHOMA COUNTY, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, Billy Earl Parker, a state prisoner appearing pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. The matter has been referred by United States District Judge David L. Russell for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). An initial review of Plaintiff's Complaint [Doc. No. 1] has been conducted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons set forth below, the Court finds Plaintiff's Complaint fails to state any plausible claim upon which § 1983 relief may be granted. Accordingly, it is recommended that Plaintiff's Complaint be dismissed upon filing.

## I. Factual Background / Plaintiff's Claim

Plaintiff was convicted, after jury trial, of first degree murder and sentenced to life without parole in Case No. CF-2005-648, District Court of Oklahoma County, State of Oklahoma. Plaintiff's sentence was later modified to life with the possibility of parole. *See* Complaint, Order Granting Modification of Sentence [Doc. No. 1-31]. On October 2, 2008, the Oklahoma Court of Criminal Appeals (OCCA) affirmed his conviction. *See id.*, OCCA Summary Opinion [Doc. No. 1-27]. Plaintiff has previously sought habeas corpus relief in this

judicial district challenging his conviction and sentence and relief has been denied. *See Parker v. Jones*, Case No. CIV-09-176-C, Judgment [Doc. No. 23] entered September 17, 2010.[1]

In this § 1983 action, Plaintiff brings a single claim for relief. He requests that this Court grant him forensic DNA testing pursuant to Oklahoma's Postconviction DNA Act, Okla. Stat. tit. 22, §§ 1373-1373.7 (effective Nov. 1, 2013). *See* Complaint at p. 3, ¶ C(1).[2] Plaintiff claims the testing is required so that he can prove his actual innocence and that he has a right to "independent DNA testing." *Id*. at p. 6, ¶ E(1).

Plaintiff moved for identical relief under the Act before the state district court and relief was denied. *See* Complaint, Order Denying Application for Post-Conviction Relief for DNA Testing [Doc. No. 1-33]. He then appealed the district court's decision and the OCCA affirmed the denial on October 19, 2015. *See id*., OCCA Order Affirming Denial of Request for Post-Conviction DNA Testing [Doc. No. 1-36]. Plaintiff filed the instant action on November 6, 2015.

## II.  Governing Standard – Screening of Complaint

Where, as here, a prisoner is proceeding in forma pauperis, the court must dismiss the case if, at any time, the court determines the action fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In addition, the court has a duty to screen a complaint in a civil action where a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity and must dismiss any portion of the complaint that fails to state a claim upon which relief may be granted. *See id*., § 1915A(b)(2).

---

[1] The United States Supreme Court ultimately denied Mr. Parker's petition for writ of certiorari. *See id*. [Doc. No. 38].

[2] Citations to Plaintiff's Complaint reference this Court's ECF pagination.

The court's review of a complaint under § 1915(e)(2)(B)(ii) and § 1915A(b)(1) mirrors that required by Fed. R. Civ. P. 12(b)(6). The court must accept the plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to the plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotations and citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

### III. <u>Analysis</u>

The Court begins by framing the precise claim raised by Plaintiff, mindful of the liberal construction afforded filings by pro se litigants. Plaintiff does not expressly challenge the state courts' denial of his request for DNA testing. And he is precluded from doing so by the *Rooker-Feldman* doctrine. *See, e.g., Segler v. Ross Mgmt. Group, Inc.*, 485 F. App'x 980, (10th Cir. 2012) ("The *Rooker-Feldman* doctrine generally denies federal courts jurisdiction to adjudicate claims seeking the review of state court judgments.") (*citing Erlandson v. Northglenn Mun.*

*Court*, 528 F.3d 785, 789 (10th Cir. 2008)); *see also Alvarez v. Attorney General for the State of Fla.*, 679 F.3d 1257, 1262-63 (11th Cir. 2012) (*Rooker-Feldman* doctrine precluded § 1983 claim challenging Florida state courts' resolution of the plaintiff's post-conviction applications for DNA testing).

Instead, Plaintiff purports to bring a § 1983 claim premised on the Oklahoma state postconviction procedures that provide, in limited circumstances, for DNA testing. *See* Complaint at p. 3, ¶(A)(1) (setting forth as Count I a "request[] for DNA testing under new state post conviction DNA law title 22 O.S. § 1373"). He contends Defendants, the Oklahoma County District Court and the Oklahoma County District Attorney, are "denying [Plaintiff] the right to have independent DNA testing conducted on three items of evidence being held." *See id*. Plaintiff further claims that he "is entitled to prove his actual innocence using independent DNA testing." *See id.* at p. 4. Plaintiff's requested relief is that this Court order DNA testing. *See id.* at p. 5 ("I am entitled to have the three items tested for DNA . . . .").

Plaintiff has no federal constitutional right to DNA testing. *See, e.g., Alvarez*, 679 F.3d at 1261 (recognizing that the Supreme Court has "reject[ed] the attempt to constitutionalize the issue of postconviction access to DNA evidence"). Thus, any right Plaintiff may have to DNA testing arises from Oklahoma law.

If Plaintiff's § 1983 claim were to succeed, "[i]t is abundantly clear that success on this claim would effectively nullify the state court's judgment and that the claim would succeed only to the extent that the state court wrongly decided the issues." *Alvarez*, 679 F.3d at 1264 (internal quotations omitted). In *Alvarez*, the plaintiff argued that the Florida courts "erroneously applied and interpreted Florida's concededly constitutional [postconviction DNA] procedures." *Id*. at

1262. The Eleventh Circuit found it had no jurisdiction over the claim under the *Rooker-Feldman* doctrine. *Id*.

This Court finds the Eleventh Circuit's decision in *Alvarez* persuasive. Thus, "to the extent [Plaintiff] has alleged a violation of procedural due process because of the way the [Oklahoma] state court's applied [Oklahoma's] DNA access procedures to the facts of his case, *Rooker-Feldman* bar[s] the court from exercising subject matter jurisdiction over the claim." *Id*. at 1264; *compare Skinner v. Switzer*, 562 U.S. 521, 532-33 (2011) ("Skinner does not challenge the adverse [state court] decisions [denying DNA testing] themselves; instead he targets as unconstitutional the Texas statute they authoritatively construed."); *Morrison v Peterson*, -- F.3d --, 2015 WL 8756229 at *8 (9th Cir. Dec. 15, 2015) (for publication) (finding that because the plaintiff "does *not* seek an order that he be allowed DNA testing, but instead seeks to invalidate the DNA testing statute on federal constitutional grounds, his claim is not barred by *Rooker-Feldman*") (emphasis added).

Wholly absent from Plaintiff's Complaint is any constitutional due process claim challenging the procedures set forth in Oklahoma's Postconviction DNA Act. Generally, such a claim is cognizable in a § 1983 action and not otherwise barred by the *Rooker-Feldman* doctrine. *See Skinner*, 562 U.S. at 525 ("[A] postconviction claim for DNA testing is properly pursued in a § 1983 action. Success in the suit gains for the prisoner only access to the DNA evidence [and] [i]n no event will a judgment that simply orders DNA tests necessarily imply the unlawfulness of the State's custody.") (quotations omitted); *see also Segler*, 485 F. App'x at 981 (recognizing that the *Rooker-Feldman* doctrine does not apply to claims "that a state court procedure which produced the judgment is unconstitutional") (*citing Skinner*, 562 U.S. at 525).

Thus, a § 1983 plaintiff may challenge a state's procedures for postconviction access to DNA evidence to ensure that those procedures are "consonant with the requirements of due process." *Alvarez*, 679 F.3d at 1261. The scope of such a claim, however, is "severely limited" and governed by the United States Supreme Court's decision in *District Attorney's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52 (2009). *Skinner*, 562 U.S. at 525. Pursuant to *Osborne*, Plaintiff has a "liberty interest in demonstrating his innocence with new evidence under [Oklahoma] law." *Osborne*, 557 U.S. at 68. But "[a] criminal defendant proved guilty after a fair trial does not have the same liberty interests as a free man." *Id*. As a result, any due process rights "must be analyzed in light of the fact that [Plaintiff] has already been found guilty at a fair trial, and has only a limited interest in postconviction relief." *Id.* at 69.

To prevail on such a claim, Plaintiff would have to demonstrate that the Oklahoma procedures "are fundamentally inadequate to vindicate the substantive rights provided." *Id*. ("the question is whether consideration of Osborne's [due process] claim within the framework of the State's procedures for postconviction relief 'offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental,' or 'transgresses any recognized principle of fundamental fairness in operation.'" (*quoting Medina v. California*, 505 U.S. 437, 446, 448 (1992)).

In *Osborne*, the Court found that postconviction access to DNA procedures adopted by the State of Alaska were "adequate on their face." *Id.* at 71. The Alaska procedures required that the evidence be newly available, diligently pursued and "sufficiently material." *Id*. at 70.

Plaintiff has failed to allege any facts that would demonstrate the Oklahoma procedures are fundamentally inadequate. The procedures allow for the testing requested here, i.e., the evidence at issue was previously subjected to DNA testing but newer testing techniques have

6

subsequently become available. *See* Okla. Stat. tit. 22, § 1373.2(B)(2).[3] But the Oklahoma procedures allow testing only if the Court finds, inter alia, "[a] reasonable probability that the petitioner would not have been convicted if favorable results had been obtained through DNA testing at the time of the original prosecution." *Id.*, § 1373.4(A)(1).[4] Plaintiff does not challenge any of these procedures.[5]

Instead, as discussed above, Plaintiff simply reasserts a right to such testing. Without any allegations challenging the adequacy of the Oklahoma procedures, Plaintiff fails to state a claim upon which § 1983 relief may be granted. *See Spuck v. Pennsylvania*, 456 F. App'x 72, 73 (3d Cir. 2012) (dismissing complaint brought pursuant to § 1983 for failure to state a "viable due process claim based on the Commonwealth's alleged refusal to conduct DNA testing" where court could "discern no attempt by [the plaintiff] to explain how Pennsylvania's specific procedures for postconviction DNA testing are inadequate as a matter of federal law") (citation omitted); *see also Abdulkadir v. Sadler*, 605 F. App'x 433 (5th Cir. 2015) (affirming dismissal of § 1983 claim alleging a need for DNA evidence to prove actual innocence where the plaintiff "fail[ed] to identify any unconstitutionality in the Texas statutory scheme for providing

---

[3] Plaintiff alleges that "newer testing techniques" and "advanced technology" will establish his actual innocence. *See* Complaint at p. 4.

[4] The OCCA determined Plaintiff failed to meet this standard. *See* OCCA Order Affirming Denial of Request for Post-Conviction DNA Testing at p. 2.

[5] The Ninth Circuit, reviewing California law, has rejected a facial challenge based on a "reasonable probability" test like that set forth in the Oklahoma statute. *See Morrison*, 2015 WL 8756229 at *7 (finding the plaintiff failed to show "the 'reasonable probability' requirement [for obtaining DNA testing under California law] violates any recognized principle of fundamental fairness" and that the California test was less restrictive than the Alaska test addressed and approved by the Supreme Court in *Osborne*) (internal quotations omitted). Thus, even if Plaintiff's Complaint were construed as raising a procedural due process challenge, such a claim would be subject to dismissal.

convicted prisoners access to DNA testing, much less identify the unconstitutional element of that scheme as applied to him").

To the extent Plaintiff brings a claim of actual innocence premised on the DNA testing, the Court stated in *Osborne* that "[w]hether such a federal right exists is an open question." *Id.* at 71. But even assuming such a right exists, "a federal actual innocence claim (as opposed to a DNA access claim" is properly brought in a federal habeas action" where "federal procedural rules permit discovery 'for good cause.'" *Id.* at 72 (*citing* Rule 6, Rules Governing Section 2254 Cases in the United States District Courts). Thus, even if Plaintiff could bring a free-standing actual innocence claim, such a claim is not cognizable in this § 1983 action.

Finally, in *Osborne*, the Supreme Court rejected a "freestanding [substantive due process] right to DNA evidence untethered from [any] liberty interests sought to be vindicated. *Id*. at 73 ("We are reluctant to enlist the Federal Judiciary in creating a new constitutional code of rules for handling DNA."). Although Plaintiff does not identify any such claim in his Complaint *Osborne* would preclude such a claim. *See Skinner*, 562 U.S. at 525 ("*Osborne* severely limits the federal action a state prisoner may bring for DNA testing. *Osborne*, rejected the extension of substantive due process to this area, and left slim room for the prisoner to show that the governing state law denies him procedural due process.") (internal citations omitted).

In sum, having considered the Complaint and the exhibits attached thereto, Plaintiff has failed to state a claim upon which § 1983 relief may be granted. It is therefore recommended that the Complaint be dismissed upon filing.

## RECOMMENDATION

It is recommended that the Complaint [Doc. No. 1] be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failure to state a claim upon which § 1983 relief may be granted.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by January 11, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred by the District Judge in this matter.

ENTERED this 21st day of December, 2015.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE