# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BILLY EARL PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-15-1240-R |
| | ) | |
| DISTRICT COURT OF OKLAHOMA COUNTY, et al., | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff filed this action alleging violation of his constitutional rights and seeking relief pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Bernard M. Jones for preliminary review. On December 21, 2015, Judge Jones issued a Report and Recommendation wherein he recommended that the Complaint be dismissed upon filing for failing to state a claim. The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to conduct a *de novo* review of those portions of the Report and Recommendation to which Plaintiff makes specific objection. Having conducted this *de novo* review, the Court finds as follows.

Plaintiff, who is serving a term of life imprisonment on a conviction for murder, seeks relief under § 1983, because the District Court for Oklahoma County and the Oklahoma County District Attorney have denied his request for DNA testing with regard to certain items of evidence related to his conviction. Judge Jones construed Plaintiff's *pro se* filings

liberally and concluded that Plaintiff was not expressly challenging the state court's denial of his request for DNA testing. In his objection Plaintiff clarifies that he is challenging that denial. Plaintiff, however, does not address Judge Jones's conclusion that such a challenge would be precluded by *Rooker-Feldman*. In recommending dismissal of Plaintiff's action Judge Jones found the decision of the Eleventh Circuit Court of Appeals in *Alvarez v. Attorney General for the State of Fla.*, 679 F.3d 1257, 1262-63 (11th Cir. 2012), persuasive. Therein the Court concluded that the *Rooker-Feldman* doctrine precluded a § 1983 claim challenging the state court's denial of the plaintiff's application for DNA testing.

Accepting Plaintiff's objection as true, the Court concludes, consistent with the Report and Recommendation, that Plaintiff cannot pursue the denial of his request for new and/or additional DNA testing. In *Wagner v. District Attorney Allegheny County, Pa.*, 2012 WL 2090093 (W.D.Pa. May 21, 2012), the court was presented with a similar challenge:

> In *Exxon Mobil Corp. v. Saudi Basic Industries Corporation*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), the Supreme Court explained that the Rooker–Feldman Doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejections of those judgments." Thus, *Rooker–Feldman* applies when: 1) the federal plaintiff lost in state court; 2) the plaintiff complains of injuries caused by the state-court judgments; 3) those judgments were rendered before the federal suit was filed; and 4) the plaintiff is inviting the district court to review and reject the state judgments. *Accord Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir.2010).
>     All four of those factors apply here. First, Plaintiff lost in state court when his motion for DNA testing was denied by the state courts. Second, Plaintiff complains of injuries caused by the state-court judgments. Three, the judgments of the state court were rendered before the federal suit was filed . . . .Four, Plaintiff is inviting the district court to review and reject the state

> judgments. Plaintiff is essentially asking this Court to conduct a *de novo* review of the state court proceeding related to request for DNA testing. In order to grant relief on Plaintiff's claim, this court would be required to find that the state court judgments were invalid and/or entered in violation of law. Plaintiff cannot do this under the guise of a civil rights claim.

*Id.* at *4 (footnote noting that *Rooker-Feldman* does not apply to habeas corpus omitted). Furthermore, Plaintiff has clarified his position, supporting the conclusion that he is not challenging the constitutionality of Oklahoma's post-conviction DNA testing statutes, Okla. Stat. tit. 22 §§ 1373-1373.7, which would have avoided *Rooker-Feldman*. *See Skinner v. Switzer*, 562 U.S. 521, 532-33 (2011). As such, Plaintiff's claims run directly afoul of *Rooker-Feldman* and the Court lacks subject matter jurisdiction over this action for the reasons stated in the Report and Recommendation and set forth above.

The Report and Recommendation is hereby ADOPTED, with the clarification that Plaintiff is expressly challenging the state courts' denial of his request for DNA testing. Accordingly, the action is hereby DISMISSED.

IT IS SO ORDERED this 11th day of January, 2016.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE